IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CESSNA AIRCRAFT COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ARINC, INC., | ) |
| | ) |
| Defendant-Third Party Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-08-1141-D |
| | ) |
| FRANKFURT-SHORT-BRUZA | ) |
| ASSOCIATES, P.C., *et al.*, | ) |
| | ) |
| Third Party Defendants, | ) |
| | ) |
| and | ) |
| | ) |
| GARDNER CONSTRUCTION GROUP, INC., | ) |
| a/k/a G&G CONSTRUCTION, a/k/a | ) |
| GARDNER TANENBAUM GROUP, L.L.C., | ) |
| | ) |
| Third Party Defendant-Third | ) |
| Party Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| DELCO ELECTRIC, INC., *et al*, | ) |
| | ) |
| Third Party Defendants. | ) |

**O R D E R**

Before the Court are two related motions filed by Third Party Defendant Gardner Tanenbaum

Group, LLC ("GTG") and Third Party Plaintiff ARINC, Inc. ("ARINC"). These are GTG's Motion

for Summary Judgment [Doc. No. 138], which seeks a judgment under Fed. R. Civ. P. 56 against

ARINC; and ARINC's Motion for Relief Pursuant to Fed. R. Civ. P. 56(f) [Doc. No. 143], which

requests either to defer a ruling on GTG's Motion pending discovery or to deny summary judgment

because material facts are disputed. GTG has not opposed ARINC's Motion within the time period for a response.

Upon review of the case record and consideration of ARINC's Motion, the Court finds that it should be granted to the extent that GTG's Motion should be denied without prejudice to resubmission at a later time, if appropriate. The Third Party Complaint filed by ARINC treats GTG and Gardner Construction Group, Inc. a/k/a G&G Construction, Inc. ("GCG") as one entity and claims GTG designed and constructed the airplane hangar at issue. GTG moves for summary judgment on the ground that it is a separate legal entity from GCG, had no contractual relationship with ARINC, and did not design or construct the hangar. With ARINC's Motion, ARINC has submitted the affidavit of one of its attorneys and exhibits showing it may be able to develop facts to prove either that GTG and GCG are interrelated or that GTG participated in the design or construction of the hangar. ARINC states, however, that it has not yet obtained discovery from GTG that would justify opposition to some facts stated in GTG's Motion. ARINC does not state what steps it has taken to obtain such discovery or explain why, according to ARINC, no "meaningful discovery [has been] exchanged in the lawsuit." *See* ARINC's Motion [Doc. No. 143] at 8. The Court notes a scheduling conference was held June 8, 2009, and the Scheduling Order requires discovery to be completed by December 4, 2009.[1] Thus, absent some explanation of why ARINC has been unable to complete necessary discovery, the Court is not inclined to defer a ruling based on a lack of discovery. *See Garcia v. U.S. Air Force*, 533 F.3d 1170, 1179 (10th Cir. 2008) ("A party seeking to defer a ruling on summary judgment under Rule 56(f) must file an affidavit that explains why facts precluding summary judgment cannot be presented. This includes identifying the probable facts not available and what steps have been taken to obtain these facts.").

---

[1] Other parties have filed motions to extend the current deadlines (which motions are pending), but ARINC has neither joined in nor responded to the motions.

However, the Court finds that ARINC has made a sufficient showing to deny GTG's Motion under Rule 56(f).  First, GTG's Motion appears to be inconsistent with GTG's prior pleading in this consolidated action.  GTG initially joined Hangar 80, LLC as party plaintiffs in a separate lawsuit alleging they owned and insured the hangar and purchased the fire suppression system that failed.  *See Hangar 80, LLC v. SimplexGrinnell, LP*, No. CIV-09-90-D, Petition [Doc. No. 1-5].  In addition, ARINC has presented evidence that it had a contractual relationship with GTG and, at least initially, GTG was involved in the development and construction of the hangar.  *See* ARINC's Motion, Ex. D [Doc. No. 143-5].  Due to these unexplained facts, the Court finds that GTG's Motion should be denied at this time.  However, GTG will be allowed to renew its Motion after ARINC has an additional opportunity to conduct discovery regarding the relationship between GTG and GCG and GTG's involvement in the construction project.  To this limited extent, the Court relieves GTG from the limitation of LCvR56.1(a) that requires prior authorization to file more than one summary judgment motion.

IT IS THEREFORE ORDERED that ARINC, Inc.'s Motion for Relief Pursuant to Fed. R. Civ. P. 56(f) [Doc. No. 143] is GRANTED to the extent that Gardner Tanenbaum Group, LLC's Motion for Summary Judgment [Doc. No. 138] is DENIED without prejudice to resubmission.

IT IS SO ORDERED this 21st  day of October, 2009.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE